IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRENDA GRIGGS, | ) | No. CV-F-05-1313 REC SMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT'S |
| | ) | MOTION TO DISMISS PURSUANT |
| vs. | ) | TO RULE 12(b)(6) AND |
| | ) | DIRECTING PLAINTIFF TO FILE |
| WAYNE STRUMPFER, acting California Corporations | ) ) | A THIRD AMENDED COMPLAINT. |
| Commissioner, | ) | (Doc. 25) |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

On Monday, May 15, 2006, the Court heard Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Claim on which Relief Can Be Granted (the "Motion"). Upon due consideration of the written and oral arguments of the parties, the Court GRANTS the Motion, as set forth herein.

**I.   The Second Amended Complaint**

Plaintiff's Second Amended Complaint (the "SAC") alleges as follows. Plaintiff Brenda Griggs was married to Brian Griggs. On August 20, 2001, they purchased a parcel of real property at 1136 West Bullard Avenue, Fresno, California (the "Property"),

1 for $141,300 and held it as community property.

2 　　Eventually, Plaintiff and Mr. Griggs faced marital problems
3 and physically separated.  On October 27, 2001, they entered into
4 a property settlement whereby Mr. Griggs transferred his share of
5 the Property to Plaintiff.

6 　　At some point, Mr. Griggs agreed to pay restitution of
7 $500,000 to the California Department of Corporations ("CDC")
8 based on certain alleged misconduct which did not involve
9 Plaintiff.  On November 18, 2001, CDC recorded an Abstract of
10 Judgment with the Fresno County Recorder.  After the Abstract of
11 Judgment was recorded, the Property became subject to a $500,000
12 administrative lien.

13 　　On May 31, 2005, Plaintiff sent a written request to the CDC
14 requesting notice and an opportunity for a hearing challenging
15 the validity and enforceability of the lien.  See SAC Ex. D.  On
16 June 10, 2005, Defendant Wayne Strumpfer, Acting California
17 Corporations Commissioner ("Defendant"), sent Plaintiff a letter
18 denying her request for notice and a hearing.

19 **II. Discussion**

20 　　**A. Legal Standard**

21 　　Dismissal of a complaint pursuant to Rule 12(b)(6) is proper
22 if "it appears beyond doubt that the plaintiff can prove no set
23 of facts in support of his claim which would entitle him to
24 relief."  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2
25 L. Ed. 2d 80 (1957).  In testing the sufficiency of a complaint
26 against a Rule 12(b)(6) challenge, a court must "accept all

2

1  material allegations in the complaint as true and construe them
2  in the light most favorable to the plaintiff." N. Star Int'l v.
3  Ariz. Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983).  The Court
4  need not, however, "accept legal conclusions cast in the form of
5  factual allegations if those conclusions cannot reasonably be
6  drawn from the facts alleged." Clegg v. Cult Awareness Network,
7  18 F.3d 752, 754-55 (9th Cir. 1994).

8      A complaint may be dismissed as a matter of law if there is
9  a lack of a cognizable legal theory or if there are insufficient
10 facts alleged under a cognizable legal theory. Balistreri v.
11 Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  The
12 Court must determine whether or not it appears to a certainty
13 under existing law that no relief can be granted under any set of
14 facts that might be proved in support of a plaintiff's claims.
15 De La Crux v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978), cert.
16 denied, 441 U.S. 965, 99 S. Ct. 2416, 60 L. Ed. 2d 1072 (1979).
17 The Court may consider the complaint itself along with any
18 material properly considered as part of the complaint.
19 Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542,
20 1555 n. 19 (9th Cir. 1989).  Where the complaint fails to state a
21 claim on which relief can be granted, leave to amend "shall be
22 freely given when justice so requires." Fed. R. Civ. P. 15(a);
23 Allen v. Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).

24     **B.  Eleventh Amendment**

25     The Eleventh Amendment bars a claim for damages against a
26 state in federal court. Kentucky v. Graham, 473 U.S. 159, 167,

1  105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).  A suit against a state
2  official in his official capacity is "no different from a suit
3  against the state itself."  Will v. Mich. Dep't of State Police,
4  491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).  The
5  Supreme Court recognized an exception to this rule in Ex parte
6  Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).  The
7  doctrine of Ex parte Young provides that the Eleventh Amendment
8  does not bar "federal jurisdiction over a suit against a state
9  official when that suit seeks only prospective injunctive relief
10 in order to 'end a continuing violation of federal law.'"
11 Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997) (quoting
12 Seminole Tribe v. Florida, 517 U.S. 44, 73, 116 S. Ct. 1114, 134
13 L. Ed. 2d 252 (1996)).

14      Plaintiff seeks injunctive relief in this action,
15 specifically "release of the lien."  SAC 7:17.  Plaintiff is
16 essentially alleging that Defendant, a state official sued in his
17 official capacity, is violating her Due Process rights by
18 continuing to hold the lien against her.  Provided she states a
19 claim for a constitutional violation entitling her to injunctive
20 relief, the Eleventh Amendment does not bar such claims.  Her
21 claims for money damages, however, cannot not fall within the Ex
22 parte Young exception.  Amending her complaint cannot resuscitate
23 any claim for money damages against a state official sued in his
24 official capacity.  Accordingly, Plaintiff's claims for money
25 damages are DISMISSED WITH PREJUDICE.
26

4

**C.   Section 1983 Claims**

Plaintiff seeks relief based on 28 U.S.C. section 1983 ("Section 1983") for alleged violations of her constitutional rights under the Due Process and Equal Protection Clauses of the United States Constitution.  Defendant contends that Plaintiff fails to state a claim for deprivation of any constitutional right.

**1.   Due Process Claim**

Plaintiff claims that Defendant's refusal to give Plaintiff notice of its judgment lien and to grant her a hearing violates her due process rights.  The Fourteenth Amendment prohibits the deprivation of property without procedural due process. <u>Koepping v. Tri-County Metro. Transp. Dist.</u>, 120 F.3d 998, 1005 (9th Cir. 1997); <u>see generally</u> <u>Carey v. Piphus</u>, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978).

The United States Supreme Court has established a two-part analysis for due process challenges to state deprivation of property rights.  <u>See, e.g.</u>, <u>Fuentes v. Shevin</u>, 407 U.S. 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972); <u>Mathews v. Eldridge</u>, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).  The first inquiry is whether the statute results in the deprivation of a "significant" property interest.  <u>Fuentes</u>, 407 U.S. at 86.  If the interests affected are "significant," then the court must examine what process is due under the particular circumstances. "[E]ven the temporary or partial impairments to property rights that attachments, liens, and similar encumbrances entail are

5

sufficient to merit due process protection." Connecticut v. Doehr, 501 U.S. 1, 12, 111 S. Ct. 2105, 115 L. Ed. 2d 1 (1991).

In considering what process is due, the court is guided by the three-factor balancing test articulated in Mathews v. Eldridge, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). The Mathews Court held that in determining the sufficiency of the process provided by the state, the court should consider:

> first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Id. at 335.

In order to establish a due process claim under Section 1983, Plaintiff must show that the lien deprived her of a property interest. Defendant argues that Plaintiff has not alleged a "taking" of property as defined in Kelo v. City of New London, 125 S. Ct. 2655, 162 L. Ed. 2d 439 (2005). That case is inapposite because it concerned the permissibility of the government's actions under the Takings Clause of the Fifth Amendment, not under the Due Process Clause. Id. at 2658.

Based on the broad definition of property deprivation under the Due Process Clause that the Supreme Court recognized in Doehr, a person need not be totally deprived of his property for due process rights to attach. Doehr, 501 U.S. at 12. Plaintiff

6

has contended that the lien has prevented her from alienating her property without incurring a total loss of equity. SAC 6:24-25. Even this "temporary or partial impairmen[t]" potentially triggers Plaintiff's entitlement to due process. Doehr, 501 U.S. at 12.

Plaintiff appears to concede that Defendant properly recorded the Abstract of Judgment: "The legality of the recording of the Abstract of Judgment is not being challenged by the plaintiff . . . ." Opp'n 5:3-5. The Abstract of Judgment, as Defendant filed it with the Fresno County Recorder, does not mention Brenda Griggs or the Property. Compl. Ex. B. It appears that filing the Abstract of Judgment resulted in a lien on the Property only through the actions of the Fresno County Recorder.

Plaintiff claims that, under the property laws of California, the lien does not properly attach to her property. Plaintiff cites California Family Code section 1000(a), which provides: "A married person is not liable for any injury or damage caused by the other spouse except in cases where the married person would be liable therefor if the marriage did not exist." While this passage does establish that Plaintiff cannot herself be liable solely on the basis of her husband's wrongful acts, it is not dispositive as to how community property may be used to satisfy debts incurred by those wrongful acts.

Whether community property can be reached to satisfy one spouses debts turns on whether the activity was undertaken to benefit the community:

7

> The liability of a married person for death or injury to person or property shall be satisfied as follows:
>
> (1) If the liability of the married person is based upon an act or omission which occurred while the married person was performing an activity for the benefit of the community, the liability shall first be satisfied from the community estate and second from the separate property of the married person.
>
> (2) If the liability of the married person is not based upon an act or omission which occurred while the married person was performing an activity for the benefit of the community, the liability shall first be satisfied from the separate property of the married person and second from the community estate.

Cal. Fam. Code § 1000(b).

The face of the SAC does not establish whether Mr. Griggs's liability was incurred performing an activity for the benefit of the community. Under a conceivable set of facts, Mr. Griggs was not acting for the benefit of the community. In such a case, his separate property should be used to satisfy the debt before community property is used. Such a circumstance would not prevent community property from being used to satisfy any remaining debt.

Plaintiff also contends the lien is improper on the basis that the Property was her separate property at the time the Abstract of Judgment was filed, based on the property settlement agreement she and Mr. Griggs entered on October 27, 2001. She claims that she should hold the Property free of the lien under California's Recording Act. She argues that she was a subsequent

8

purchaser for value who took the Property without notice of the lien.  See Cal. Civil Code § 1214;[1] <u>Gates Rubber Co. v. Ulman</u>, 214 Cal. App. 3d 356, 364 (1989) ("The elements of bona fide purchase are payment of value, in good faith, and without actual or constructive notice of another's rights.").  Plaintiff does not allege, however, that she recorded this transaction prior to the filing of the Abstract of Judgment.  See <u>Chalmers v. Raras</u>, 200 Cal. App. 2d 682, 686 (1962) ("[R]ecordation will protect a subsequent purchaser in good faith against an unrecorded instrument executed prior to this recordation.")

     Regardless of the merits of Plaintiff's claims that the lien should not have attached to the Property under California law, it is unclear how she is entitled to relief in this action. Plaintiff's allegations are directed only at Defendant, the judgment creditor.  She claims that she was denied due process based solely on the fact that Defendant did not give her notice of the lien on the Property and that Defendant denied her request for a hearing.  Plaintiff does not contend that she has no means

---

[1]California Civil Code section 1214 provides, in full:

> Every conveyance of real property or an estate for years therein, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless the conveyance shall have been duly recorded prior to the record of notice of action.

9

to challenge the lien other than a hearing provided by Defendant. Nor does she contend that California law regarding recorded liens provides inadequate notice or inadequate access to a hearing. She also does not contend that the Fresno County Recorder acted improperly when it deemed the Abstract of Judgment against Mr. Griggs to create a lien on the Property.

Plaintiff does not cite, and the Court is unaware of, any requirement that a judgment creditor, who happens to be a government entity, provide a means for a person against whose property it holds a lien to challenge the validity or provide notice to that person.  It appears rather that Plaintiff's proper means of attacking the lien would be in a California court, through an action to quiet title.  See Lezine v. Sec. Pac. Fin. Servs., Inc., 14 Cal. 4th 56 (1996) (action by nondebtor spouse to set aside abstract of judgment recorded against community property).  Plaintiff does not contend that California law inadequately protects her due process rights.

The Due Process Clause guarantees the right to be heard "at a meaningful time and in a meaningful manner." Mathews, 424 U.S. at 333.  This does not equate to Plaintiff's right to a hearing of her choice.  Plaintiff's claim fails if she had notice and an opportunity to be heard prior to being deprived of property.  Her claim does not succeed merely on the basis that Defendant did not provide her with those things.

Plaintiff has not alleged that she was unable to challenge Defendant's lien through other channels, such as in California

10

1  state court.  Nor has she cited any authority for the proposition
2  that Defendant, as judgment creditor, was required to provide her
3  notice and a hearing.  Accordingly, Plaintiff's Count One based
4  on the Due Process clause is DISMISSED WITHOUT PREJUDICE.

### 2. Equal Protection

The Equal Protection Clause requires that "all persons similarly situated should be treated alike." Squaw Valley Dev. Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004).  This protection can extend to individuals who claim that they constitute a "class of one." Id.  Where the claim does not implicate a fundamental right or suspect classification, the plaintiff can establish an equal protection claim by demonstrating that she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. (citing Vill. of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000)).  "[D]iscrimination cannot exist in a vacuum; it can be found only in the unequal treatment of people in similar circumstances." United States v. Aguilar, 883 F.2d 662, 706 (9th Cir. 1989) (quoting Attorney General v. Irish People, Inc., 684 F.2d 928 (D.C. Cir. 1982), cert. denied, 459 U.S. 1172, 103 S. Ct. 817, 74 L. Ed. 2d 1015 (1983)).

Plaintiff claims that Defendant treated her differently than it treated her neighbors when it subjected her property to a lien.  Plaintiff has not alleged that her neighbors are similarly situated to her with respect to Defendant.  The only allegation

11

is of similarity is that they are "property owners in her neighborhood." SAC 7:13-14. Plaintiff's claim appears to be that her neighbors are similarly situated merely by owning property in the same neighborhood as her. She does not allege that her neighbors have a relationship to Defendant that indicates their circumstances are similar to hers. See, e.g., Squaw Valley, 375 F.3d at 944 (comparing defendant water quality officials' treatment of plaintiff to its treatment of other property owners who discharged into subject waterways); Aguilar, 883 F.2d at 708 (treatment of accused illegal alien smugglers complaining of equal protection violation was properly compared to others prosecuted for smuggling illegal aliens). Accordingly, Plaintiff's Count Two is DISMISSED WITHOUT PREJUDICE.

**ACCORDINGLY:**

1. Plaintiff's claims for money damages are DISMISSED WITH PREJUDICE on Eleventh Amendment grounds.
2. Plaintiff's Count One based on the Due Process Clause is DISMISSED WITHOUT PREJUDICE.
3. Plaintiff's Count Two based on the Equal Protection Clause is DISMISSED WITHOUT PREJUDICE.
4. Plaintiff shall file a third amended complaint within 30 days of the issuance of this order. Failure to comply will result in dismissal of the action.

IT IS SO ORDERED.

**Dated: May 25, 2006**          /s/ Robert E. Coyle
810ha4                           UNITED STATES DISTRICT JUDGE