IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA GRIGGS,<br><br>        Plaintiff,<br><br>vs.<br><br>BRUCE McPHERSON, CALIFORNIA SECRETARY OF STATE, SUNNE WRIGHT McPEAK, SECRETARY OF CALIFORNIA DEPARTMENT OF CORPORATIONS, et al.,<br><br>        Defendants. | 1:05-cv-01313-AWI-SMS **\***<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION**<br><br>Date: 10/13/06<br>Time: 9:30 a.m.<br>Ctrm: 7 ~ 6th Floor<br><br><u>Any Response to OSC due</u>:<br>10/6/06 |

This matter came on regularly for a Mandatory Scheduling Conference on September 6, 2006 at 9:00 a.m. in Courtroom No. 7 on the Sixth Floor before the Honorable Sandra M. Snyder, United States Magistrate Judge, via court Minutes e-filed May 9, 2006 (Doc. 30). The parties, by and through respective counsel, did not appear or otherwise contact the court.

_____

**\*** On June 9, 2006, this case was reassigned from the docket of Senior Judge Coyle (REC) to the docket of Judge Ishii (AWI), thereby changing the case number/initials to **1:05-cv-01313-AWI-SMS**.

1

1     A review of the instant action highlights the following:
2     Plaintiff filed her Complaint on October 18, 2005 (Doc. 1).
3 As a result, on October 19, 2005, the court issued its standard
4 Order Setting Mandatory Scheduling Conference Requiring the Parties
5 to Confer Pursuant to F.R.Civ.P. 26(f) for February 1, 2006 at 9:00
6 a.m. before Judge Snyder (Doc. 4-1).  On December 14, 2005,
7 plaintiff filed a Notice of Dismissal as to defendants, Bruce
8 MacPherson and Susan Sunne Wright McPeak (Doc. 7).  On December 16,
9 2005, plaintiff filed a First Amended Complaint against defendant,
10 Wayne Stumpfer (Doc. 8).  On January 26, 2006, plaintiff filed a
11 Motion to Amend and/or Correct the First Amended Complaint (Doc.
12 11).  As a result, the court issued a Minute Order on January 27,
13 2006, continuing the Scheduling Conference from February 1, 2006 to
14 April 18, 2006 (Doc. 16).  On February 28, 2006, the court vacated
15 the motion hearing and took the matter under submission (Doc. 17).
16 On March 1, 2006, the court granted said motion and ordered
17 plaintiff to file a Second Amended Complaint within fifteen (15)
18 days therefrom (Doc. 18).  On March 6, 2006, plaintiff filed a
19 Second Amended Complaint (Doc. 19).  On March 27, 2006, the court
20 issued a Minute Order continuing the Scheduling Conference from
21 April 18, 2006 to May 23, 2006, due to the recent service of
22 defendants (Doc. 23).  On April 4, 2006, defendant filed a Motion
23 to Dismiss set for hearing on May 15, 2006 before Judge Coyle (Doc.
24 25).  As a result, <u>the court issued a Minute Order on May 9, 2006,</u>
25 <u>continuing the Scheduling Conference from May 23, 2006 to September</u>
26 <u>6, 2006 at 9:00 a.m. before Judge Snyder due to the pending</u>
27 <u>dispositive motion (Doc. 30)</u>.  On May 15, 2006, the court issued
28 Minutes deeming the dispositive motion submitted (Doc. 31).  On May

2

1  30, 2006, the Motion to Dismiss was granted, and plaintiff was
2  ordered to file a Third Amended Complaint within thirty (30) days
3  therefrom, and warning that, "Failure to comply will result in
4  dismissal of the action." (Doc. 32).
5       It appears that plaintiff has not diligently prosecuted this
6  case by **(1)** failing to timely file a Third Amended Complaint, due
7  by June 30, 2006, as ordered by the court on May 30, 2006 (Doc.
8  32); and, by **(2)** failing to appear for the Mandatory Scheduling
9  Conference on September 6, 2006 at 9:00 a.m. before Judge Snyder
10 (Doc. 30) and, in conjunction therewith, by failing to timely
11 e-file a Joint Scheduling Report in proper preparation therefor,
12 pursuant to the court's standard Order Setting Mandatory Scheduling
13 Conference e-filed on October 9, 2005 (Doc. 4-1).
14      The court possesses the discretionary authority to dismiss an
15 action based on plaintiff's failure to prosecute diligently.  Fed.
16 R. Civ. P. 41(b); Schwarzer, Tashima & Wagstaffe, <u>Fed. Civ. Proc.</u>
17 <u>Before Trial</u> ¶ 16:431 (1997).  Unreasonable delay by plaintiff is
18 sufficient to justify dismissal, even in the absence of actual
19 prejudice to the defendant (<u>Moore v. Telfon Communications Corp.</u>,
20 589 F.2d 959, 967-68 (9th Cir. 1978)) since a presumption of injury
21 arises from the occurrence of unreasonable delay.  <u>Fidelity</u>
22 <u>Philadelphia Trust Co. v. Pioche Mines Consol., Inc.</u>, 587 F.2d 27,
23 29 (9th Cir. 1978).  Plaintiff then has the burden of showing
24 justification for the delay and, in the absence of such showing,
25 the case is properly dismissed for failure to prosecute.  <u>Nealey v.</u>
26 <u>Transportation Maritima Mexicana, S.A.</u>, 662 F.2d 1275 (9th Cir.
27 1980).
28 //

**IT IS HEREBY ORDERED:**

1.  That this matter is SET for hearing on October 13, 2006 at 9:30 a.m. in Courtroom No. 7 on the Sixth Floor before the Honorable Sandra M. Snyder, United States Magistrate Judge, for consideration of dismissal for plaintiff's lack of prosecution.

2.  If plaintiff has any reasons why this action should not be dismissed, they shall be submitted by sworn declaration of facts and e-filed by October 6, 2006, to which a supporting memorandum of law may be appended, to include:

    (A)  an explanation of the lack of activity in this case; and,

    (B)  shall list each specific step plaintiff plans to take to prepare this case for trial.

**Plaintiff is advised that failure to comply with and/or otherwise respond to this order will result in a recommendation to District Judge Anthony W. Ishii that this action be dismissed.**

IT IS SO ORDERED.

**Dated:   September 7, 2006**                         /s/ Sandra M. Snyder
icido3                                                        UNITED STATES MAGISTRATE JUDGE